UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED RENTALS, INC.** and<br>**UNITED RENTALS (NORTH AMERICA), INC.,**<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**ADAM PAUL,**<br><br>　　　　　Defendant. | CIVIL ACTION NO.<br>3:23-cv-01547 (JCH) |

## STIPULATED PERMANENT INJUNCTION

**WHEREAS,** this action came before the Court by Complaint dated November 28, 2023;

**WHEREAS,** the Prayer for Relief filed by the plaintiffs, United Rentals, Inc., and United Rentals (North America), Inc. (collectively, "Plaintiffs" or "United") seeks, among other things, an Order including "[t]emporary, preliminary and permanent injunctive relief";

**WHEREAS,** the parties desire to resolve this matter by way of this Stipulated Permanent Injunction and pursuant to a separate settlement agreement (the "Settlement Agreement"), compliance with which is a condition of the parties' mutual resolution;

**WHEREAS,** to facilitate such resolution, Plaintiffs and Defendant (with the assistance, advice and consent of counsel) consent and stipulate to the entry of a Permanent Injunction against Defendant, and in favor of the Plaintiffs, as more fully set forth below.

**NOW, THEREFORE,** as stipulated and acknowledged by the parties, the Court hereby adjudges and orders that:

1.　　Defendant is hereby enjoined:

1

a. through December 31, 2024, from working, performing services, or competing with United in Sangamon, Macoupin, Macon, Montgomery, Christian, Tazewell, DeWitt and/or Logan counties in Illinois (the "Restricted Area"), to any reasonable extent, or directly or indirectly owning any interest in any such person or entity or rendering to it any consulting or other services or any advice, assistance or other accommodation;

b. through August 31, 2025, from directly or indirectly soliciting or accepting the business of, calling upon, contacting, or communicating with any person or entity, or affiliate of any such person or entity, who or which is or was a customer, business prospect or other person who had a business relationship with Plaintiffs resulting in and/or for the purpose of providing or obtaining any product or service reasonably deemed competitive with any product or service then offered by Plaintiffs; *provided*, however, that this limitation shall apply only with respect to persons or entities with whom Paul had a business relationship, with whom Paul communicated, with whom Paul transacted business, or about whom Paul had Confidential Information while employed by Plaintiffs;

c. through August 31, 2025, from approving, soliciting or retaining, or discussing the employment or retention (whether as an employee, consultant or otherwise) of any person who was an employee of Plaintiffs at any time during the one year period preceding the

2

      termination of Paul's employment from Plaintiffs; and/or from soliciting or encouraging any person to leave the employ of Plaintiffs; and/or

    d. from maintaining, possessing, using, disclosing, accessing, controlling, or continuing to maintain, possess, use, disclose, access or control, any device(s), property, or Confidential Information of Plaintiffs.

  2. If either party brings any action, motion, or proceeding, or takes any other similar legal step as a result of the other party's violation of this Order, the party establishing its position shall be entitled to recover all costs, including reasonable attorneys' fees, incurred as a result, in addition to any other damages or relief to which it is entitled under applicable law, as well as any relief within the Court's inherent authority.

  3. The Court will retain jurisdiction over this matter to enforce the terms hereof, notwithstanding any dismissal of the action as a result of the Parties' settlement, and all parties consent to the Court's continuing jurisdiction, if necessary, to exercise that authority.

    **SO ORDERED,** this __21st__ day of _____May_____, 2024.

             /s/ Janet C. Hall_____
            The Honorable Janet C. Hall
            United States District Judge